IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK,<br><br>Interpleader Plaintiff,<br><br>v.<br><br>YVETTE A. AUGUSTUS, JOANNE AUGUSTUS, DOREEN Y. AUGUSTUS, JAMAL J. AUGUSTUS, JULIUS O. AUGUSTUS, JAHQUAN J. AUGUSTUS, and THE ESTATE OF HERBERT F. AUGUSTUS,<br><br>Interpleader Defendants. | Case No. _____ |

**COMPLAINT FOR INTERPLEADER RELIEF**

Interpleader Plaintiff United States Life Insurance Company in the City of New York, by its undersigned attorneys, hereby files its Complaint for Interpleader Relief pursuant to 28 U.S.C. § 1335 against Interpleader Defendants Yvette A. Augustus, Joanne Augustus, Doreen Y. Augustus, Jamal J. Augustus, Julius O. Augustus, Jahquan J. Augustus, and the Estate of Herbert F. Augustus, and states as follows:

**Parties**

1. United States Life Insurance Company in the City of New York ("US Life") is a New York insurance company with its principal place of business in New York City, New York.

2. Yvette A. Augustus is a citizen and resident of the State of New York, residing in Kings County, New York.

3. Joanne Augustus is a citizen and resident of the State of North Carolina, residing in Columbus County, North Carolina.

4. Doreen Y. Augustus is a citizen and resident of the State of New York, residing in Kings County, New York.

5. Jamal J. Augustus is a citizen and resident of the State of New York, residing in Kings County, New York.

6. Julius O. Augustus is a citizen and resident of the State of New York, residing in Kings County, New York.

7. Jahquan J. Augustus is a citizen and resident of the State of New York, residing in Kings County, New York.

8. Herbert F. Augustus (the "Decedent") was a citizen and resident of the State of Pennsylvania (Pike County) at the time of his death. Therefore, pursuant to 28 U.S.C. § 1332(c)(2), Defendant Estate of Herbert F. Augustus is a citizen of the State of Pennsylvania.

## Jurisdiction and Venue

9. This Court has original jurisdiction of this civil action of interpleader pursuant to 28 U.S.C. § 1335. US Life has in its custody or possession money or property of the value of $500 or more to which two or more adverse claimants of diverse citizenship may claim to be entitled. *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523 (1967) (stating that 28 U.S.C. § 1335 requires only minimal diversity, that is, diversity of citizenship between two or more claimants, without regard to circumstance that other rival claimants may be co-citizens).

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1397 because one of the competing claimants, the Estate of Herbert F. Augustus, resides in this District pursuant to 28 U.S.C. § 1332(c)(2).

## Factual Background

11. On or about November 18, 1996, Herbert F. Augustus (the "Decedent") purchased a life insurance policy from United States Life Insurance Company in the City of New York identified by policy number XXXX42279C (the "Policy").[1] (*See* Policy Info & Application, attached as Exhibit A.)

12. In the Application, the Decedent identified Defendant Yvette A. Augustus, his spouse at the time, as the primary beneficiary with no contingent beneficiary identified. (*See id*.)

---

[1] The Policy is currently administered by Plaintiff US Life.

13. On or about April 24, 2015, Decedent and Defendant Yvette A. Augustus were divorced by order entered in the Court of Common Pleas of Potter County, Pennsylvania. (*See* Divorce Decree, attached as Exhibit B.)[2]

14. On or about February 2, 2021, Decedent passed away. At the time of his death, the Policy's death benefit was $39,573.63.

15. Prior to Decedent's death, no change of beneficiary related to the Policy was received by Plaintiff.

16. As a result of Decedent's death, the Policy's death benefit became due and payable to the beneficiary or beneficiaries.

17. On or about March 26, 2021, Defendant Joanne M. Augustus, Decedent's spouse at the time of his death, submitted a claim for the Policy death benefit. (*See* Joanne Augustus Claimant's Statement, attached as Exhibit C.)

18. On or about April 12, 2021, Defendant Yvette A. Augustus submitted a claim for the Policy death benefit. (*See* Yvette Augustus Claimant's Statement, attached as Exhibit D.)

19. On or about, July 1, 2021, Defendant Doreen Y. Augustus, who, upon information and belief, is the natural child of the Decedent, submitted a claim for the

---

[2] As of the time of filing this Complaint for Interpleader Relief, US Life had requested but had been unable to obtain a copy of any property settlement associated with the divorce. As a result, US Life is unable to determine whether any such property settlement addresses the disposition of the Policy or prevents application of Pennsylvania's revocation on divorce statute. *See* 20 Pa.C.S. § 6111.2.

Policy death benefit. (*See* Doreen Augustus Claimant's Statement, attached as Exhibit E.)

20. On or about, July 1, 2021, Defendant Jamal J. Augustus, who, upon information and belief, is the natural child of the Decedent, submitted a claim for the Policy death benefit. (*See* Jamal Augustus Claimant's Statement, attached as Exhibit F.)

21. On or about, July 1, 2021, Defendant Julius O. Augustus, who, upon information and belief, is the natural child of the Decedent, submitted a claim for the Policy death benefit. (*See* Julius Augustus Claimant's Statement, attached hereto as Exhibit G.)

22. On or about, July 1, 2021, Defendant Jahquan J. Augustus, who, upon information and belief, is the natural child of the Decedent, submitted a claim for the Policy death benefit. (*See* Jahquan Augustus Claimant's Statement, attached as Exhibit H.)

23. Thus, US Life faces rival, adverse, and conflicting claims to the death benefit due under the Policy.

## Count I – Interpleader Relief

24. US Life incorporates Paragraphs 1-23 by reference.

25. As a result of the foregoing, there exists actual or potential rival, adverse, and conflicting claims to the death benefit described above, and US Life is

unable to discharge its admitted liability without exposure to multiple liability, multiple litigation, or both.

26. US Life is an innocent stakeholder seeking to interplead funds into the Court's Registry to resolve conflicting claims and potential rights to the benefits due and owing under the Policy.

27. US Life neither has, nor claims, any interest in the death benefit under the Policy and at all times has been willing to pay the death benefit to the person or persons entitled to them.

28. US Life should not be compelled to become involved in the dispute or contentions of the competing claimants, and the competing claimants should be ordered to litigate amongst themselves without further involvement of US Life.

29. US Life has in no way colluded with any of the parties named herein concerning the matters of this case. US Life has filed this Complaint for Interpleader Relief of its own free will to avoid multiple liability, multiple litigation, or both.

30. Contemporaneously with the filing of this Complaint for Interpleader Relief, US Life will move for leave to deposit into the registry of the Court the death benefit due and owing under the Policy, plus accrued interest, if any.

31. US Life alleges that it is entitled to interpleader relief pursuant to 28 U.S.C. § 1335, and further alleges that it is entitled to recover reasonable attorneys' fees and costs as a result of these proceedings.

## **Relief Requested**

WHEREFORE, Plaintiff United States Life Insurance Company in the City of New York requests the following relief:

a. That Defendants be enjoined from instituting or prosecuting against US Life any proceeding in any state or United States Court or administrative tribunal relating to the death benefit payable under Policy Number XXXX42279C and on account of the death of Herbert F. Augustus, and that said injunction issue without bond or surety;

b. That Defendants be required to make full and complete Answer to this Complaint for Interpleader Relief, and to set forth to which of them the death benefit, or any part thereof, rightfully belongs, and how they make their claims thereto;

c. That this Court determine and declare the rights of the Defendants to the death benefit due and owing under Policy Number XXXX42279C;

d. That this Court discharge US Life of and from any and all further liability under Policy Number XXXX42279C and on account of the death of Herbert F. Augustus;

e. That this Court excuse US Life from further attendance upon this cause and dismiss US Life from this case, with prejudice;

f. That this Court enter an order awarding US Life its costs and attorneys' fees in connection with this action, to be deducted from the death benefit due and owing under Policy No. XXXX42279C; and

g. That this Court grant US Life such other and further relief as this Court deems just and equitable.

Dated: January 14, 2022                     Respectfully Submitted,

*s/ Benjamin J. DiLorenzo*
Benjamin J. DiLorenzo
PA89758

**BRESSLER, AMERY & ROSS, P.C.**
325 Columbia Turnpike, Suite 301
Florham Park, NJ 07932
Tel. (973) 514-1200
Email: bdilorenzo@bressler.com

*Attorneys for Plaintiff United States Life Insurance Company in the City of New York*

**DEFENDANTS TO BE SERVED BY PROCESS SERVER:**

Yvette A. Augustus
293 Martense Street #3E
Brooklyn, NY 11226

Joanne Augustus
100 King Street
Tabor City, NC 28463

Doreen Augustus
293 Martense Street #3E
Brooklyn, NY 11236

Jamal Augustus
293 Martense Street #3E
Brooklyn, NY 11226

Julius Augustus
293 Martense Street #3E
Brooklyn, NY 11226

Jahquan Augustus
293 Martense Street #3E
Brooklyn, NY 11226